

JS 44  (Rev. 06/17)  **CIVIL COVER SHEET**  **18    1325**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

YONG LI

**DEFENDANTS**

Family Garden II, Inc. d/b/a Family Garden Chinese Restaurant, Family Garden Zhang, Happy Family Chinese Rest., Zhi Wei He, Zhao Zhang, "Jane Doe", and Dexing Gao

**(b)** County of Residence of First Listed Plaintiff   QUEENS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Yong Li, Pro Se
3915 Main Street, Flushing, NY 11354 - (718) 939-8880
SUITE 318

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 201 et seq

Brief description of cause:
Failure to pay overtime and provide wage records

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   03/01/2018
SIGNATURE OF ATTORNEY OF RECORD   *Yong Li*
Plaintiff, Pro Se   *Yong Li*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. **18   1325** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

_3-26-2018_                   _Yonge;_
**Date**                                   **Pro Se Plaintiff**

_(718) 880-0475_

**Telephone**              **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

**JFL**

**UNITED STATES DISTRICT COURT**

**18    1325**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _39-15 Main Street #318_

Address of Defendant: _1701 PerKiomen Ave., Reading, PA 19602_

Place of Accident, Incident or Transaction: _1701 PerKiomen Ave, Reading, PA 19602 (Employment)_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) _FLSA 29 USC §201 et seq_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____
                                                        Pro Se Plaintiff

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3-26-2018_     _____
                                                        Pro Se Plaintiff

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**U.S. COURTHOUSE**
**INDEPENDENCE MALL WEST**
**601 MARKET STREET**
**PHILADELPHIA, PA. 19106-1797**

March 13, 2018

Dear Petitioner:

Yong Li
39-15 Main Street #318
Flushing, NY 11354

### Complaint(s) / Appeal(s) - Missing the following:

( ) Civil Cover Sheet

( X ) Designation Form

( X ) Case Management Track Designation Form

( ) Full Filing Fee / IFP Statement
    1.) Complaint Fee - $400.00
    2.) Appeal Fee - $505.00
    3.) Habeas Fee - $5.00

( ) Claim for relief

### Other:

**Regarding**:   In order for the U.S. District Court to process your Complaint the enclosed Designation form and Case Management Track form must be completed in their entirety, including checking off ONLY ONE BOX in the highlighted areas.

Sincerely,

KATE BARKMAN
Clerk of Court

Encl:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**U.S. COURTHOUSE**
**INDEPENDENCE MALL WEST**
**601 MARKET STREET**
**PHILADELPHIA, PA. 19106-1797**

March 13, 2018

Dear Petitioner:

Yong Li
39-15 Main Street #318
Flushing, NY 11354

**Complaint(s) / Appeal(s) - Missing the following:**

(  ) Civil Cover Sheet

( X ) Designation Form

( X ) Case Management Track Designation Form

(  ) Full Filing Fee / IFP Statement
      1.) Complaint Fee - $400.00
      2.) Appeal Fee - $505.00
      3.) Habeas Fee - $5.00

(  ) Claim for relief

**Other:**

**Regarding**:  In order for the U.S. District Court to process your Complaint the enclosed Designation form and Case Management Track form must be completed in their entirety, including checking off ONLY ONE BOX in the highlighted areas.

Sincerely,

KATE BARKMAN
Clerk of Court

Encl:

Yong Li

39-15 Main Street - #318

Flushing, NY 11354

(718) 939-8810



===================================================

March 9, 2018

Clerk of Court
United States District Court – Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106

     Re:    Li v. Family Garden II, Inc. d/b/a Family Garden Chinese Restaurant

Dear Sir/Madam:

I am filing a complaint against Family Garden II, Inc. and others. Enclosed please find an original and copies of Summons and Complaint for each defendant. I am also enclosing copies for myself, once the Court stamps it and issues a case number.

I would like to have access to the electronic filing system for this case. I would greatly appreciate your guidance as to how I go about making this case an electronically filing case, because it would make it much easier for everyone.

Thank you for your kind assistance and attention.

Sincerely yours,

Yong Li



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YONG LI,<br><br>                    Plaintiff,<br><br>        –against–<br><br>FAMILY GARDEN II, INC. d/b/a Family Garden Chinese Restaurant, FAMILY GARDEN ZHANG, HAPPY FAMILY CHINESE REST., ZHI WEI HE, ZHAO ZHANG, "JANE DOE", and DEXING GAO,<br><br>                    Defendants | Civil Action No.:<br>**18      1325**<br><br>**COMPLAINT** |

Plaintiff Yong Li (hereinafter "Li" or "Plaintiff"), *pro se*, as and for his Complaint against the Defendants FAMILY GARDEN II, INC. dba Family Garden Chinese Restaurant, (hereinafter "Family Garden II"), FAMILY GARDEN ZHANG (hereinafter "Garden Shang"), HAPPY FAMILY CHINESE REST. (hereinafter "Happy Family"), ZHI WEI HE (hereinafter "Defendant He"), ZHAO ZHANG (hereinafter "Defendant Zhang"), "JANE DOE", whose true name Plaintiff will seek to ascertain through appropriate discovery, and DEXING GAO (hereinafter "Defendant Gao"), (collectively "Defendants"), alleges the following:

## NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §201 *et seq.*; 29 U.S.C. §206, 207 and 216(b); the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq.*; the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 et seq.; and Pennsylvania common law, to recover unpaid wages and overtime compensation owed to Plaintiff who was formerly employed by and worked at the restaurant operating under the name "Family Garden Chinese Restaurant" located and doing business at 1701 Perkiomen Avenue, Reading, PA 19602, that is

1

owned, operated and/or managed by Defendants Family Garden II, Inc., Garden Zhang, Happy Family, Defendant He, Defendant Zhang, Defendant "Jane Doe" a/k/a "Lili", and Defendant Gao, and Plaintiff has been subject to the unlawful practices detailed herein.

2.       Upon information and belief, Defendants have willfully and intentionally engaged in flagrant violations of the FLSA by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek at the rate of 1.5 times regular rate of pay.

3.       Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from Defendants: (1) unpaid wages, (2) overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; (5) costs; and attorneys' fees, if any.

4.       Plaintiff does not presently know the true name of Defendant sued as "Jane Doe." Plaintiff alleges that she is the spouse of Defendant Zhi Wei He. Plaintiff knew her as "Lili" or "Boss' Wife." She is a co-owner who supervised plaintiff, paid his wages in cash, and had the ability to hire and fire him. Plaintiff will seek leave to amend this Complaint once her identity becomes known to Plaintiff.  Plaintiff further alleges that at all relevant times Defendant "Jane Doe" ("Lili" or "Boss' Wife") was an officer, director and owner of Family Garden, Family Garden Zhang and Happy Family, and that she made it explicitly clear to Plaintiff that she was his employer.

5.       At all relevant times, all of the named defendants were directors and owners of the restaurant where Plaintiff worked; they each and all shared authority over Plaintiff's work and paid his wages; and all the defendants represented themselves to be Plaintiff's employers. Further, that Family Garden II, Garden Zhang and Happy Family were a joint enterprise under the same management and ownership.

## JURISDICTION

4.      This Court has original Federal Question jurisdiction over this controversy pursuant to

29 U.S.C. §201 *et seq.* and §216(b), and 28 U.S.C. §1331. Moreover, this Court has original

jurisdiction of this civil action under 28 U.S.C. §1332(a) because the matter in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens

of different states.  The Plaintiff is a citizen and resident of the State of New York, and pursuant

to 28 U.S.C. §1332(c)(1), the corporate defendant Family Garden II is deemed to be a citizen of

the State of Pennsylvania, where incorporated and where it has its principal place of business.

5.      Further, this Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. §1367(a) because those claims are so related to claims in the action within

the Court's original jurisdiction that they form part of the same case or controversy.

5.      There is no conflict between the applicable laws of Pennsylvania and the FLSA, as the

relevant state statutes at issue either provide rights identical to or track the language of FLSA.

## VENUE

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(ii) because a substantial

part of the acts or omissions giving rise to the claims alleged in this action occurred within this

judicial district, and Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

### Plaintiff

9.      Plaintiff Yong Li is an individual residing in the State of New York who has performed

labor for the Defendants' restaurants in Pennsylvania.

3

**Defendants**

10.     Family Garden II, Inc. d/b/a Family Garden Chinese Restaurant is an active Pennsylvania business corporation since 12/20/2007, with a principal place of business at 1701 Perkiomen Ave., Reading, PA 19602, whose President is Defendant Dexing Gao. This is the address at which Plaintiff worked.

11.     Defendant Family Garden Zhang was incorporated under the laws of Pennsylvania with an address at 1701 Perkiomer [sic] Ave., Reading, PA 19602, which filing was subsequently cancelled. However, in Plaintiff's W2's, it is this Defendant who appears as the Payee.

12.     Defendant Happy Family Chinese Rest. is a business registered with the Pennsylvania Secretary of State with an address at 632 Greenwich Street, Reading, PA 19601. Upon information and belief, this Defendant is owned and managed by same individual Defendants.

13.     Defendant Zhi Wei He is an owner and manager of the corporate defendants.

14.     Defendant Zhao Zhang is an owner and/or manager of the corporate defendants.

15.     Defendant "Jane Doe" is the spouse of Defendant Zhi Wei He. Plaintiff knew her as "Lili," or "Boss' Wife." She was an owner and manager of the corporate defendants, and managed the Plaintiff's employment at the location where Plaintiff worked for Defendants.

16.     Defendant Dexing Gao is named by the Pennsylvania Secretary of State as the President of corporate defendant Family Garden II, Inc.

17.     Defendants engage in interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

18.     Upon information and belief, Defendants' annual gross volume of sales is not less than $500,00000.

## FACTS

19.     Plaintiff worked for the Defendants from April 1, 2007 to August 30, 2016 as a Kitchen

Helper. His duties included general kitchen help (chopping vegetables, cleaning, deliveries,

loading and unloading trucks at the warehouse, and miscellaneous tasks).

20.     Plaintiff's wages consisted of $2,300.00 per month. This never changed throughout

Plaintiff's employment by Defendants.

21.     Plaintiff's hours were the following:

        Monday – Thursday:  11 A.M. – 11 P.M. (12 hours);
        Friday and Saturday:  11 A.M. -  12 Mid. (13 hours);
        Sunday:                  12 P.M. – 11P.M. (11 hours).

        NO BREAKS.

22.     Plaintiff used his own car and insurance to make deliveries. In early 2015, Plaintiff had a

car accident while making a delivery for Defendants. It was a hit-and-run, and Plaintiff absorbed

all repair and car rental costs in excess of $4,000, without reimbursement.

23.     On August 30, 2016, Plaintiff requested a vacation [he had not had time off in over nine

(9) years, and Defendants granted a two-month unpaid vacation. When Plaintiff returned on or

about October 30, 2016, Defendants terminated his employment for no reason. But for

Defendants' promise that Plaintiff would have his job upon his return, Plaintiff would not have

taken the vacation.

24.     Plaintiff worked for Defendants 74 hours each week, or 34 hours overtime weekly.

25.     Beginning about April, 2007 and continuing to at least September 2016, Defendants have

failed to provide the statutory hourly wage to its employees as required by federal and state law.

26.     Beginning prior to April 2007 and continuing to at least September 2016, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by law.

27.     Under the direction of the corporate and individual defendants, Defendants instituted this practice of depriving Plaintiff of compensation, including overtime wages, for all work as mandated by federal and state law.

28.     Upon information and belief, Defendants He, Zhang, Doe and Gao are and have been throughout the relevant times herein the Managing Directors and/or owners of Defendants' restaurants, and (a) had the power t hire and fire employees for those entities; (b) supervised and controlled employee work schedules or conditions of employment for Defendants' restaurants; (c) determined the rat and method of payment for the restaurant employees; and (d) maintained employment records for the corporate entities and restaurants named in this action.

29.     Defendants FAMILY GARDEN II, GARDEN ZHANG, HAPPY FAMILY, Defendant HE, Defendant ZHANG, Defendant "JANE DOE", and Defendant GAO are each employers within the meaning of the FLSA.

30.     Upon information and belief, the named Defendants each had complete control of the alleged activities of the restaurants which give rise to the claims brought herein.

31.     Upon information and belief, Defendants each and all have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and applicable Pennsylvania State law, and the supporting regulations, by failing to maintain proper and complete timesheets or payroll records.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS

32.     Plaintiff repeats and re-alleges the preceding allegations.

33.     Pursuant to 29 U.S.C. 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

34.     Defendants failed to pay the Plaintiff overtime wages at the rate of one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any workweek.

35.     Upon information and belief, the failure of Defendants to pay the Plaintiff his rightfully owed overtime compensation was willful.

36.     By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1)     On the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees if any, and costs;

(2)     Such other and further relief as the Court may deem just and proper.


Dated: February 20, 2018

                                                            Yong Li, *Plaintiff Pro Se*
                                                            39-15 Main Street – Suite 318
                                                            Flushing, NY 11354
                                                            (718) 880-0475

7

I, Yong Li, the Plaintiff in this action, declare under penalty of perjury that the statements in the foregoing Complaint are true to the best of my knowledge.

Yong Li

8