UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YONG LI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-01325 |
| | : | |
| FAMILY GARDEN II, INC. d/b/a | : | |
| FAMILY GARDEN CHINESE RESTAURANT; | : | |
| FAMILY GARDEN ZHANG; | : | |
| HAPPY FAMILY CHINESE RESTAURANT; | : | |
| ZHI WEI HE; ZHAO ZHANG; JANE DOE; and | : | |
| DEIXING GAO, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM AND ORDER**

### I.   INTRODUCTION

In this case under the Fair Labor Standards Act seeking unpaid wages, the parties present a joint request for this Court's approval of a proposed settlement. For the reasons discussed below, the settlement is approved, subject to a broad reading of the agreement's confidentiality clause.

### II.   BACKGROUND

Plaintiff Yong Li filed a *pro se* Complaint on March 30, 2018, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101-333.15, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1-260.45, and Pennsylvania common law for failure to pay wages for all hours worked and required overtime compensation. ECF No. 1. He alleged that he worked for Defendants as a kitchen helper in the Family Garden Chinese Restaurant from March

30, 2015 to August 30, 2016. Plaintiff alleged that he worked seventy-three hours per week, with thirty-three hours weekly overtime, and was paid $2,300 monthly, or $530.76 per week. His overtime hourly rate was $10.90. Plaintiff claimed that Defendants did not compensate him for all the hours he worked in excess of forty in the workweek and that he is owed $26,618 in unpaid wages. He demanded $53,236, equal to his unpaid wages and an equal amount in liquidated damages. Defendants denied, and continue to deny, the accuracy of Plaintiff's allegations.

Ricardo Morel, Esquire, was granted *pro hac vice* status and entered his appearance on behalf of Plaintiff on January 3, 2019. ECF No. 41. On February 29, 2019, the parties filed a stipulation of dismissal with prejudice of all acclaims against Defendants Dexing Gao and Family Garden II, Inc. ECF No. 43. Plaintiff and the remaining Defendants have agreed to settle the matter for $38,500 and present a proposed Settlement Agreement for Court approval.

### III. LEGAL STANDARD

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). If employers violate the FLSA's minimum wage and overtime provisions, codified at 29 U.S.C. §§ 206 and 207, respectively, employers may be liable to affected employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id.* (citing 29 U.S.C. § 216(b)).

District courts in the Third Circuit have identified two procedures for settling FLSA claims: (1) the Department of Labor can supervise the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) the district court can approve a settlement under 29 U.S.C. § 216(b). *See Bredbenner v. Liberty Travel, Inc.*, Nos. 09–905, 09–

1248 and 09–4587, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Bettger v. Crossmark, Inc.*, No. 13–2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015); *Brumley v. Camin Cargo Control, Inc.*, Nos. 08–1798, 10–2461 and 09–6128, 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012). As to the requirements for settlement approval, district courts in the Third Circuit have held that the court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley*, 2012 WL 1019337, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354); *see also In re Chickie's & Pete's Wage & Hour Litig.*, No. 12–6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014); *Cuttic v. Crozer–Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012); *Bredbenner*, 2011 WL 1344745, at *18.

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Chickie's*, 2014 WL 911718, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in this Circuit consider both: (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA. *See Singleton v. First Student Mgmt. LLC*, No. 13–1744, 2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014); *Chickie's*, 2014 WL 911718, at *2; *Brumley*, 2012 WL 1019337, at *4.

Thus, in determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine that the settlement concerns a bona fide dispute. Second, the court must determine that the settlement is fair and reasonable to

the plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace.

IV. ANALYSIS

A. The Settlement Agreement resolves a bona fide dispute.

A proposed settlement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1354. The dispute in this case concerns whether Plaintiff received overtime compensation at the rate of one and a half times his regular rate of pay for all overtime hours worked during his employment with the Defendants, as the FLSA requires. Plaintiff's complaint raised fact-dependent allegations under both federal and state law.[1] In their Answer, Defendants denied all material factual allegations, particularly allegations regarding Plaintiff's employment period and the number of hours worked per week. In fact, two of the defendants, Dexing Gao and Family Garden II, Inc. d/b/a Family Garden Chinese Restaurant, adamantly denied even being proper parties to the action. These defendants vigorously defended their position and advised their intention to seek a dismissal on the basis, *inter alia*, of statute of limitations issues. The parties report that they executed a Stipulation of Voluntary Dismissal of claims against the latter defendants only after extensive negotiations. In the Settlement Agreement, Defendants maintain the position that they do not admit or concede any liability and do not admit that they improperly withheld any pay or overtime from Plaintiff. For these reasons, there is clearly a bona fide dispute between the parties.

---

[1] The parties have not requested approval of the settlement as it pertains to Plaintiff's state law claims, as court approval of a settlement of those claims is not required. *See Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-CV-1771 (CCC-MF), 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015)

4
032019

the plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace.

IV. ANALYSIS

A. The Settlement Agreement resolves a bona fide dispute.

A proposed settlement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1354. The dispute in this case concerns whether Plaintiff received overtime compensation at the rate of one and a half times his regular rate of pay for all overtime hours worked during his employment with the Defendants, as the FLSA requires. Plaintiff's complaint raised fact-dependent allegations under both federal and state law.[1] In their Answer, Defendants denied all material factual allegations, particularly allegations regarding Plaintiff's employment period and the number of hours worked per week. In fact, two of the defendants, Dexing Gao and Family Garden II, Inc. d/b/a Family Garden Chinese Restaurant, adamantly denied even being proper parties to the action. These defendants vigorously defended their position and advised their intention to seek a dismissal on the basis, *inter alia*, of statute of limitations issues. The parties report that they executed a Stipulation of Voluntary Dismissal of claims against the latter defendants only after extensive negotiations. In the Settlement Agreement, Defendants maintain the position that they do not admit or concede any liability and do not admit that they improperly withheld any pay or overtime from Plaintiff. For these reasons, there is clearly a bona fide dispute between the parties.

---

[1] The parties have not requested approval of the settlement as it pertains to Plaintiff's state law claims, as court approval of a settlement of those claims is not required. *See Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-CV-1771 (CCC-MF), 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015)

**B. The settlement is fair and reasonable.**

The terms of the Settlement Agreement are fair and reasonable.[2] The Plaintiff is being fully compensated for his alleged overtime hours and is receiving a nearly equal sum in liquidated damages. The parties calculate Plaintiff's back wages as $26,618. He demanded $53,236, equal to his unpaid wages plus an equal amount in liquidated damages as permitted under the FLSA.[3] Under the Settlement Agreement, he will receive $26,618 for unpaid overtime wages, plus $8,882 in liquidated damages and $3,000 in attorney's fees for a total of $38,500. Although the settlement amount is about $14,700 less than Plaintiff's demand, the settlement amount fully compensates him for his unpaid wages and awards him seventy percent of the amount he demanded. *See Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-CV-1771 (CCC-MF), 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015) (finding settlement fair and reasonable

---

[2] In the absence of guidance from the Third Circuit, district courts have used the nine-factor test from *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975) to assess whether a single-plaintiff FLSA settlement is fair and reasonable, even though the *Girsh* factors ordinarily apply to collective or class action settlements. *See, e.g., Lyons v. Gerhard's Inc.*, 2015 WL 4378514, at *3 n. 1, *4 (E.D. Pa. July 16, 2015); *Bettger v. Crossmark, Inc.*, No. 13–2030, 2015 WL 279754, at *7 (M.D. Pa. Jan. 22, 2015). But some of the *Girsh* factors are irrelevant in the single-plaintiff context and thus, "[e]ven though Girsh may suggest the type of factors to be considered in assessing a private FLSA settlement, courts need not fall into the alluring trap of mechanically applying Girsh simply because it is the court's duty to assess whether the proposed agreement is fair and reasonable." *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 523 n.3 (E.D. Pa. 2016). As a result, some courts have applied a more flexible approach and simply balance the settlement amount against the likelihood of success at trial and likely recovery. *See Howard v. Philadelphia Hous. Auth.*, 197 F. Supp. 3d 773, 777 n.1 (E.D. Pa. 2016) (applying simpler test in single-plaintiff settlement and balancing "likelihood of success against the benefit of a certain settlement"); *Redden v. King's Corner Pub, LLC*, No. CV 16-6152, 2017 WL 4883177, at *2 (E.D. Pa. Oct. 27, 2017) (comparing settlement amount and likely recovery). This Court adopts this second, more streamlined approach.

[3] If employers violate the FLSA's minimum wage and overtime provisions, codified at 29 U.S.C. §§ 206 and 207, respectively, employers may be liable to affected employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (citing 29 U.S.C. § 216(b)).

where plaintiff received full amount of his unpaid wages plus an equal amount of liquidated damages). Because Defendants have denied liability throughout this case and many issues appear contested, continuing to trial would pose a risk of nonrecovery to Plaintiff; the settlement eliminates this risk.

Additionally, the difference between Plaintiff's demand for damages at trial and the settlement amount is offset by the fact that Plaintiff incurred a lower amount of attorney's fees than in a standard case. Plaintiff proceeded *pro se* with *pro bono* assistance for much of the case, and his counsel Ricardo Morel, Esquire, entered the case toward its conclusion and will receive a fee of $3,000. This is approximately eight percent of the total award and is a reasonable fee for his efforts at the later stages of the case. *See Mabry v. Hildebrandt*, No. CV 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases and observing that within the Third Circuit, the percentage of the recovery award in FLSA cases allotted to counsel ranges from roughly 20–45% where counsel represents plaintiff through the entirety of the case).

Accordingly, the proposed settlement is fair and reasonable.

**C. The Settlement Agreement does not frustrate the implementation of the FLSA as long as the confidentiality clause is broadly construed.**

Lastly, this Court must consider whether the proposed settlement frustrates the implementation of the FLSA in the workplace. The Settlement Agreement does not contain the sort of overly broad release of claims that courts have rejected. *See, e.g., Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 532–33 (E.D. Pa. 2016); *Bettger*, 2015 WL 279754, at *8–10.

However, the Settlement Agreement does contain a confidentiality clause, which provides:

### 5. **Confidentiality**

> The nature and terms of this Agreement are strictly confidential and they have not been and shall not be disclosed by Li at any time to any person other than Li's lawyer or accountant, a governmental agency, or Li's immediate family without the prior written consent of Defendants, except to the extent required by law or the District Court's procedures, or as necessary in any legal proceedings directly related to the provisions and terms of this Agreement, to prepare and file income tax forms, or as required by court order after reasonable notice to Defendants.

"There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Brown*, 2013 WL 5408575, at *3 (citing *Brumley*, 2012 WL 300583, at *3). The "public-private character" of employee rights under the FLSA means that the public, including current, former, or potential employees of a particular defendant, has an interest in assuring that employee wages are fair; thus, courts find that restrictive confidentiality provisions frustrate the implementation of the FLSA. *See Mabry v. Hildebrandt*, No. CV 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) (approving settlement agreement with the exception of confidentiality clause).

Courts have approved limited or narrowly drawn confidentiality clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees. *Id.* For example, in *McGee v. Ann's Choice, Inc.*, the court found a confidentiality provision reasonable where "[p]laintiffs are free to discuss the litigation with friends, family, employees, and individuals not affiliated with the media." No. CIV.A. 12-2664, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014). Because the confidentiality provision in the Settlement Agreement permits disclosure "to the extent required by law or the District Court's procedure," this Court will approve the provision as reasonable to the extent that it is interpreted to permit Plaintiff to discuss its terms with friends, family, Defendants' employees, and individuals not affiliated with

the media. With that caveat, this Court finds that the Settlement Agreement does not frustrate the implementation of the FLSA in the workplace.

V. ORDER

**AND NOW**, this 20th day of March, 2019, upon consideration of the joint motion for approval of the Settlement Agreement, ECF No. 46, **IT IS ORDERED THAT:**

1. The Motion is **GRANTED**.
2. The Settlement Agreement is **APPROVED**.
3. This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge